UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LESLIE MORRIS | CIVIL ACTION |
| v. | NO. 21-245 |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL. | SECTION "F" |

ORDER AND REASONS

The plaintiff Leslie Morris was injured in a September 6, 2019 car accident on Interstate 10. On September 4, 2020, she sued for damages in Louisiana state court. On February 5, 2021, the defendants removed Morris's case to this Court on the basis of federal diversity jurisdiction.

Morris now moves to remand. For the reasons that follow, her motion is DENIED.

I.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The defendants clearly meet their burden here.

A.

The essential elements of federal diversity jurisdiction are straightforward and well known. In the simplest of terms, the diversity statute invests the federal district courts with original subject matter jurisdiction over civil actions between completely diverse parties with more than $75,000 at stake. See 28 U.S.C. § 1332. In the present motion to remand, Morris concedes that her suit places more than $75,000 in controversy, but asserts that a lack of complete diversity precludes the defendants from successfully invoking this Court's diversity jurisdiction. See, e.g., Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998) (reciting the "complete diversity rule," under which "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State"). Specifically, Morris contends that both she and her uninsured motorist insurer State Farm – one of several named defendants in this case – are citizens of Louisiana for jurisdictional purposes.

If this notion were correct, complete diversity would indeed be lacking and this Court would lack jurisdiction. As explained below, it is not.

B.

Morris's misperceived jurisdictional defect is rooted in the mistaken premise that State Farm assumes Morris's Louisiana citizenship as a defendant to a "direct action" against an insurer. Cf. 28 U.S.C. § 1332(c)(1). Morris draws this erroneous notion from the language of 28 U.S.C. § 1332(c)(1). As relevant here, that subsection of the diversity statute provides that "in any direct action against the insurer of a policy or contract of liability insurance" in which "the insured is not joined as a party-defendant," "such insurer shall be deemed a citizen of every State . . . of which the insured is a citizen." Id.

Morris argues that State Farm is precisely "such [an] insurer" in this case, but this District's cases have repeatedly held otherwise. In Gonzalez v. Government Employees Insurance Group, for example, the court observed that "federal courts have consistently held that . . . § 1332(c)(1) applies only to actions in which an injured party is permitted to sue directly the *tortfeasor's* liability insurer, when the tortfeasor himself was not joined as a defendant." See 2000 WL 235236, at *4 (E.D. La. Feb. 28, 2000) (collecting cases). For this reason and others, the "Fifth Circuit has expressly held that an uninsured motorist policy is not considered a policy of liability insurance" within the meaning of § 1332(c)(1). See Carter v. Lawhorn, 2018 WL

3

5847824, at *2 (E.D. La. Nov. 8, 2018) (citing Hernandez v. Travelers Ins. Co., 489 F.2d 721, 725 (5th Cir. 1974)).

Applying Gonzalez's summary of the relevant law here, two things are clear. First, State Farm is not "the *tortfeasor's* liability insurer," but is rather Morris's *own* uninsured motorist insurer. Cf. Gonzalez, 2000 WL 235236, at *4. And second, "the [alleged] tortfeasor himself *was* joined as a defendant" in this case. Cf. id. (emphasis added). These facts are fatal to Morris's motion, which assumes – and requires – that State Farm be deemed to share Morris's Louisiana citizenship.[1]

To the contrary, because State Farm is otherwise a citizen of Illinois and does *not* assume Morris's citizenship – and because no other defendant shares Morris's Louisiana citizenship – there *is* complete diversity among the parties and this Court has an "unflagging obligation" to hear this case.[2] See, e.g., Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

---

[1]   As a result, Morris's arguments regarding "improper joinder" are inconsequential and need not be addressed.

[2]   Recall that Morris (predictably) does not dispute that her case satisfies the diversity statute's amount-in-controversy requirement.

4

\*   \*   \*

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, March 31, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5