UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


LESLIE MORRIS                                    CIVIL ACTION

v.                                               NO. 21-245

PROGRESSIVE CASUALTY INSURANCE                   SECTION "F"

COMPANY, ET AL.


ORDER AND REASONS

Before the Court is the defendants' motion to exclude evidence due to purported spoliation.  For the reasons that follow, the motion is DENIED.

**Background**

The plaintiff in this personal injury case alleges that she was injured when the driver of a semi-truck rear-ended her on Interstate 10.  She sued the defendants in Louisiana state court on September 4, 2020.[1]  For a number of weeks thereafter, neither defendant was served.

At issue in the present motion to exclude is the plaintiff's decision to undergo an elective back surgery "after suit had been

---

[1]   On February 5, 2021, the defendants availed themselves of this Court's removal jurisdiction.  On March 31, 2021, the Court denied the plaintiff's motion to remand.

filed but before any named defendants were served or appeared."
See Mot. at 3.  That timing, the defendants say, is "deeply
troubling and suspect," because in irreversibly altering the
plaintiff's *pre*-surgery physical condition it "robb[ed the
defendants] of the opportunity to timely request and obtain an
[Additional Medical Opinion]" and thus "prejudiced [the
defendants] by depriving them of the ability to obtain evidence,
preserve evidence, and ensure a complete, comprehensive, and
vigorous defense."  See id. at 4, 7.  With towering rhetoric but
scant legal support, the defendants accuse the plaintiff of slow-
rolling the service of her petition to conceal her plan to have a
back surgery that altered her physical condition before the
defendants' doctor could furnish an Additional Medical Opinion.

What remedy do the defendants propose for the plaintiff's
"destruction" of her "pre-surgical medical condition"?  The
"exclusion of *all evidence* related to the [plainly *relevant*]
surgery, including but not limited to the surgical recommendation,
the pre-surgery testing,[2] the surgery, the post-surgical follow-
up appointments, and therapy relating to the surgery, and any and
all medical expenses related to the same."  See id. at 11 (emphasis
added) (footnote added).  The plaintiff opposes this request.

---

[2]   It is unclear how "pre-surgery testing" would not be eminently
relevant to defendants who appear to be concerned that evidence of
the plaintiff's *pre-surgery* condition has been erased from
existence.

I.

Whatever the merits of their spoliation argument as a technical matter, the defendants' motion is clearly overblown. Even if the plaintiff's decision to undergo an elective procedure after initiating this litigation *does* constitute spoliation,[3] it hardly warrants the draconian exclusion the defendants propose.

When it comes to spoliation, trial courts have a vital obligation to ensure that the punishment fits the crime. "Exclusion of spoiled evidence . . . is a 'drastic sanction' that courts generally try to avoid because exclusion would often unnecessarily eviscerate the plaintiff's case . . . ." Menges v. Cliffs Drilling Co., 2000 WL 765082, at *1 (E.D. La. June 12, 2000).

That is precisely what the defendants' blanket exclusion would do here. To address the plaintiff's supposed "destruction" of evidence which still remains largely discoverable, the

---

[3]    "Before a court may exclude spoiled evidence or provide for an adverse inference to arise from the intentional destruction of evidence, 'the party having control over the evidence must have had an obligation to preserve it at the time it was destroyed.'" Menges, 2000 WL 765082, at *2 (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)).  "Such a duty 'arises when the party has notice that the evidence is relevant to litigation.'" Id. (quoting Kronisch, 150 F.3d at 126).  To the extent that undergoing a medical procedure amounts to "the intentional destruction of evidence" of a patient's pre-procedure condition, the plaintiff arguably engaged in spoliation here.  However, even when a party's intentional destruction of relevant evidence is established, its reason for (or bad faith in) doing so must still be considered.  See id.

defendants propose to eliminate even *more* evidence.  All without any showing of bad faith on the part of the plaintiff and "not . . . a single case that supports [the defendants'] position that the spoliation doctrine [even] applies on these facts."  Cf. id. at *3.

*     *     *

Accordingly, IT IS ORDERED: that the defendants' motion to exclude is DENIED.

New Orleans, Louisiana, August 16, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE